STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

*In Re*: N.P., R.P., & K.H.

No. 12-1016 (Taylor County 11-JA-30, 31 & 32)

**FILED**

January 14, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

MEMORANDUM DECISION

Petitioner Mother's appeal, by counsel Megan M. Allender, arises from the Circuit Court of Taylor County, wherein her parental rights to the children, N.P., R.P., and K.H., were terminated by order entered on August 6, 2012. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee A. Niezgoda, has filed its response. The guardian ad litem, Mary S. Nelson, has filed a response on behalf of the children as well as a supplemental appendix.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

On October 25, 2011, the Taylor County Board of Education filed an abuse and neglect petition alleging that petitioner was abusing and/or neglecting N.P. by virtue of chronic truancy, persistent untreated head lice infestations, and petitioner's drug use. The DHHR was eventually made a party to the action, and at that time petitioner's other two children were included in an amended petition. Petitioner admitted to the allegations in the petition at adjudication. Ultimately, the circuit court terminated petitioner's parental rights following a dispositional hearing on May 9, 2012.

On appeal, petitioner alleges that the circuit court erred in terminating her parental rights because it failed to employ the least restrictive alternative at disposition. According to petitioner, she expressed a desire to participate in services and requested placement of the children with their maternal grandparents. Petitioner argues that permanency would not have been delayed by offering her services while the case progressed due to the home study on the children's maternal grandparents and the ongoing proceedings for Respondent Father.

Respondents DHHR and the guardian ad litem both support the circuit court's decision and argue that terminating petitioner's parental rights was in the children's best interests. Respondents cite petitioner's regression during the proceedings as evidence in support of termination. Specifically, they note that during the course of the case, petitioner continued to abuse drugs and alcohol, failed to comply with drug screens, abandoned visitation with the

children, continued to participate in domestic violence, failed to fully participate in hearings and other meetings, and even became homeless. Further, respondents note that petitioner was charged with criminal offenses for domestic violence, public intoxication, and manufacturing methamphetamine during the pendency of this action.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's termination of petitioner's parental rights. The Court finds that the circuit court was presented with sufficient evidence upon which to base its findings that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings.

For the foregoing reasons, we find no error in the decision of the circuit court, and the termination of petitioner's parental rights is hereby affirmed.

Affirmed.

**ISSUED**: January 14, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II